AO 91 (Rev. 5/85) Criminal Complaint  AUSA DISPOTO

FILED by ___ D.C.

# United States District Court

APR 2 1 2009

## SOUTHERN DISTRICT OF FLORIDA

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

UNITED STATES OF AMERICA

vs.

ARMANDO CHACON,

Defendant.

# CRIMINAL COMPLAINT

CASE NUMBER: 09-8099-JMH

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about February 10, 2009, in Palm Beach County, in the Southern District of Florida, and elsewhere, ARMANDO CHACON, did knowingly transport or ship in interstate commerce by any means, including by computer, child pornography, as defined in 18 U.S.C. § 2256(8)(A);

And, on or about April 20, 2009, in Palm Beach County, in the Southern District of Florida, ARMANDO CHACON did knowingly possess computer disks or other material that contained an image of child pornography that had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that had been mailed, or shipped, or transported in interstate or foreign commerce by any means, including by computer;

in violation of Title __18__, United States Code, Sections __2252A(a)(1) and 2252A(a)(5)(B)__.

I further state that I am a  Special Agent with the Federal Bureau of Investigation , and that this Complaint is based on the following facts:

Please see attached Affidavit

Continued on the attached and made a part hereof.

M. Catherine Koontz, Special Agent
Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence,
upon my finding of probable cause.

April 21, 2009                                     at       West Palm Beach, Florida
Date                                                           City and State

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Signature of Judicial Officer

## **AFFIDAVIT**

I, M.Catherine Koontz, a Special Agent (SA) with the Federal Bureau of Investigation (FBI), Miami Division, being duly sworn, depose and state as follows:

1.     I have been employed as a Special Agent of the FBI for over eleven years, and for the past nine years, I have been assigned to the Miami Division's Crimes Against Children Squad. While employed by the FBI, I have investigated federal criminal violations related to Internet child pornography, child abductions, and the FBI's Innocent Images National Initiative (IINI), which investigates matters involving the online sexual exploitation of children. I have investigated hundreds of these types of cases and have been the affiant on numerous search warrants related to this subject matter.

2.     This affidavit is submitted in support of a criminal complaint charging ARMANDO CHACON, hereafter referred to as CHACON, who did knowingly receive material containing child pornography; that is, printed images of minors engaged in sexually explicit conduct that had been mailed, shipped, or transported in interstate commerce by any means, in violation of Title 18, United States Code, Sections 2252A(a)(2)(B) and (b)(1).

3.     The information contained in this affidavit is based in part on information provided by Special Agent (SA) Daniel Evans of the Innocent Images Unit of the FBI, located in San Diego, California, and on my investigation of this matter, as well as based upon my training and experience and the training and experience of other law enforcement officers. Since this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not contain all of the information known to me and/or other law enforcement officers involved in this investigation.

4.     On February 10, 2009, SA Evans, in an undercover capacity, logged into the

Internet Relay Chat (IRC) from the Internet connected computers located in the San Diego FBI Division using the program mIRC. SA Evans entered chat channels where he has previously witnessed discussions concerning the trading of child pornography and/or molestation of children using a peer-to-peer ("P2P") file-sharing program. While in the chat channel, SA Evans, utilizing an undercover nickname, posted a message asking "anyone on giga here?" An individual using the nickname "CaptLoli"responded in the chat channel by asking, "what do u have?... looking for exclusive material."

5. SA Evans then sent CaptLoli a private message. During this private chat, CaptLoli expressed an interest in girls between the ages of 5 and 14. He indicated that he was into "homemade," and he said, "i have a fetish for blowjob vids with sound and anal sex too." During this conversation, CaptLoli stated that he had been collecting child pornography for years and was only sharing samples of his collection. He indicated that he had a lot more "stuff." SA Evans then asked CaptLoli for his nickname on the P2P file-sharing program, and CaptLoli answered that he used the same nickname.

6. SA Evans then launched the P2P software program and sent a request to add CaptLoli to his "friends" list. CaptLoli accepted the friendship request. By accepting the friend request, CaptLoli allowed SA Evans to view and download files that CaptLoli had selected to share with others directly from his computer.

7. SA Evans browsed CaptLoli's shared folders and observed preview images of several files that appeared to depict child pornography. SA Evans initiated the download of several of these files directly from CaptLoli's computer. During the download of these files, SA Evans used a network monitoring program in order to identify the IP address of CaptLoli's

computer. SA Evans was able to determine that the IP address of CaptLoli's computer was 70.220.215.235.

8.      Your affiant has reviewed the eighteen (18) image files downloaded by SA Evans and, based on my training and experience from investigating hundreds of child pornography offenses, I concluded that 10 of the image files depict real children engaged in sexual activity. Many files are extremely graphic and are of pre-pubescent child victims. Five files that were downloaded by SA Evans had the following names and are briefly described:

   a.   CASERA04.JPG:  This image appears to be a screen capture of a digital video and depicts the face of a pre-pubescent child victim and she is spitting out semen. The adult male penis which is covered in semen is also depicted in the image very close to her mouth.

   b.   CUM.jpg:  This image appears to be a screen capture of a digital video and depicts the chest and face of a pre-pubescent child victim laying on her back. Above her is a hand holding an adult male penis very near her mouth.

   c.   OOPS.jpg:  This image is a series of seven smaller pictures some of which depict a pre-pubescent child victim sucking on an adult penis and others depicting that same female opening her mouth to reveal liquid in her mouth. Some of these smaller images are labeled "tasty_cum" and "juicy."

   d.   UNKNOWNVID.JPG:  This image appears to be a screen capture of a digital video and depicts a pre-pubescent female victim who is kneeling in front of a naked male. The young child is holding the male's erect penis in her hand.

   e.   machiko.jpg:  This image appears to be a screen capture of a digital video and depicts a female victim under the age of 18, kneeling in front of an adult male and sucking

on the penis of an adult male who is standing in front of the child.

9. While the file transfer was taking place, CaptLoli continued to chat with SA Evans on IRC. CaptLoli informed SA Evans that the images he was sharing were screen captures of his unshared videos. CaptLoli said that he did that for "protection...never know who your dealin with." CaptLoli then explained to SA Evans how he could use the software program "paintshop" to make screen captures of the videos that he wanted to share.

10. SA Evans conducted a search of the American Registry for Internet Numbers (ARIN) online database, which indicated that IP address 70.220.215.235 was registered to the Internet Service Provider Verizon Wireless. According to ARIN's website, ARIN is a nonprofit organization responsible for managing the Internet numbering resources for North America and a portion of the Caribbean.

11. Results from an administrative subpoena sent to Verizon Wireless Internet Services for the date and time the files were downloaded revealed that on that day and time the IP address 70.220.215.235 was assigned to the account registered to ARMANDO CHACON, 15397 94th Street North, West Palm Beach, Florida 33412. Verizon further provided that CHACON was accessing the Internet via a Verizon cellular "air-card" and using telephone number 224-213-0922 to connect to the Internet.

12. On March 20, 2009, the Honorable James M. Hopkins, United States Magistrate Judge, United States District Court for the Southern District of Florida, signed an order authorizing the installation and use of a pen register and trap and trace device on the cellular "air-card" bearing telephone number 224-213-0922. The order mandated the disclosure of cellular site information. The order was served on Verizon Wireless on March 20, 2009.

13.     On April 3, 2009, pursuant to the court order, Verizon Wireless provided the cell site information on the Target Air-Card from March 20, 2009 to March 31, 2009. The cell site information provided by Verizon revealed that the Target Air-Card from March 20, 2009 to March 31, 2009 was utilizing the cell site located near the intersection of Northlake Boulevard and Apache Boulevard, which is less than one mile from CHACON's residence located at 15397 94th Street North, West Palm Beach, Florida. This is consistent with the use of the "air card" to access the internet from CHACON's residence.

14.     On April 15, 2009, the Honorable Ann E. Vitunac, United States Magistrate Judge, Southern District of Florida, signed a search warrant authorizing me to search 15397 94th Street, North, West Palm Beach, Florida 33412 with the curtilage thereto and all vehicles and computers and storage media located therein for all visual depictions, including still images, videos, films or other recordings of child pornography or minors engaged in sexually explicit conduct as defined in Title 18, United States Code, Section 2256, and any mechanism capable of being used for the receipt or storage of the same.

15.     On April 20, 2009, I along with several other law enforcement officers executed the aforementioned search warrant at 15397 94th Street, North, West Palm Beach, Florida 33412 and seized several items, including two computers and the Verizon air card that was the subject of the earlier cell-site order. CHACON admitted owning and using the Verizon air card. One of the computers was a Sony desktop computer which was located in the family room. The other computer was a Sony laptop computer which was located in CHACON'S bedroom.

16.     Agents attempted to do on-site previewing of the contents of the Sony laptop computer, but were unable to because of software compatibility issues. The laptop was password-protected. [handwritten insertions: "of software compatibility issues. The laptop was", "MK"]

17. A preview of the Sony desktop computer revealed numerous images and videos of minors engaged in sexually explicit conduct. CHACON admitted that he used the desktop computer frequently when he ran out of his allotted minutes on his Verizon air-card. Approximately 17 of the images are of prepubescent girls being made to engage in oral sex with adult males. Six of the images are of prepubescent girls being vaginally penetrated by adult males. Your affiant has observed many of these images on the Internet. Given the grainy appearance of these images, it is probable that the images were printed from the Internet. Additionally, a Sony picture station capable of printing these pictures from the Internet was found in CHACON's bedroom. This Sony picture station was made in China. Based upon both the images on the desktop computer and the items found in CHACON's safe, I submit that there is probable cause to believe that, on April 20, 2009, CHACON did knowingly possess computer disks or other material that contained an image of child pornography that had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that had been mailed, or shipped, or transported in interstate or foreign commerce by any means, including by computer; in violation of 18 U.S.C. § 2252A(a)(5)(B).

18. Based upon the discovery of the Verizon air-card at CHACON's home in Palm Beach County, which matches the IP address of CaptLoli, who distributed images of child pornography to SA Evans in California, I submit that there is probable cause to believe that on February 10, 2009, CHACON knowingly transported or shipped in interstate commerce by any means, including by computer, child pornography, as defined in federal law; in violation of 18 U.S.C. § 2252A(a)(1).

19. Also found in CHACON's bedroom next to his bed was a secured safe containing five pairs of young girls' underpants along with printed images of prepubescent girls engaged in sexual activity.

FURTHER YOUR AFFIANT SAYETH NOT.

M. Catherine Koontz
Special Agent
Federal Bureau of Investigation

Sworn and subscribed to before me
this 21 day of April, 2009.

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-8099-JMH

UNITED STATES OF AMERICA

vs.

ARMANDO CHACON,

Defendant.
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? ____ Yes _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? ____ Yes _X_ No

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

BY: *[signature]*
MARK DISPOTO
ASSISTANT UNITED STATES ATTORNEY
Court Id. No. A5501143
500 East Broward Blvd.
Ft. Lauderdale, Florida 33301
TEL (954) 660-5786
FAX (954)356-7230